UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SARASOTA CCM, INC.,                        E.D. Bankr. Adv. Proc.
                                           No. 10-08306(RG)
            Appellant,

    -against-

CATHERINE KUNCMAN,                         MEMORANDUM & ORDER
                                           11-CV-2733 (JS)
            Appellee.
----------------------------------X
APPEARANCES:
For Appellant:      John A. Craner, Esq.
                    60 East 42nd Street
                    47th Floor, P. O. Box 367
                    New York, NY 10165

For Appellee:       Raymond W. Verdi, Esq.
                    116 East Main Street, Suite C
                    Patchogue, NY 11772

SEYBERT, District Judge:

Plaintiff/Appellant Sarasota CCM, Inc. ("Plaintiff" or "Sarasota") appeals from an April 12, 2011 decision from the Bankruptcy Court. In the bankruptcy proceeding, Plaintiff sought a determination that a debt owed to it by Defendant/Appellee Catherine Kuncman ("Debtor") should not be discharged in Debtor's bankruptcy. The underlying debt stemmed from a pre-petition judgment that Sarasota had obtained against Debtor in Nassau County Supreme Court. The issues in this appeal are whether the Bankruptcy Court erred by not giving the state court judgment preclusive effect and whether the Bankruptcy Court erred in its own determination that Sarasota had not proven actual fraud under the Bankruptcy Code provision

governing exceptions to discharge ability. For the following reasons, the Bankruptcy Court Order is AFFIRMED in its entirety and Sarasota's appeal is DISMISSED.

BACKGROUND AND PROCEDURAL HISTORY

Debtor's former husband defaulted on a debt owed to Plaintiff, for which Plaintiff obtained a judgment against her former husband in the amount of $96,042.36 in August 2004. (App'x 1). Unable to recover from the ex-husband, Sarasota brought an action against Debtor in Nassau County Supreme Court, alleging that during the course of their marriage Debtor's husband had fraudulently conveyed to her several assets and properties, and that Debtor should be held personally liable for the judgment against her husband. Specifically, Sarasota identified the transfer of shares in a corporation that owned two Dunkin' Donuts franchises.[1] (Id.)

In September of 2009, the Nassau County Supreme Court awarded Sarasota summary judgment, and entered judgment against Debtor equal to the amount owed by her ex-husband (the "Judgment Debt"). (App'x 11.) Certain aspects of the state court's order are unclear, and in fact it is this ambiguity that is at the heart of this appeal. However, it is clear that the state court

---

[1] In its decision, the state court also identified the transfer of the deed to the marital home for no consideration to Ms. Kuncman from her husband, which was not mentioned in the complaint filed in the state court. Plaintiff's appellate brief filed in this Court identifies this transfer as well.

2

found that Debtor's then-husband, as part of a scheme to defraud his creditors, made fraudulent conveyances to Debtor, and that Debtor participated in this scheme. (App'x 14-16.)

After judgment was entered against her, Debtor filed for bankruptcy protection seeking to have the Judgment Debt discharged. Plaintiff in turn filed an adversary proceeding contending that the Judgment Debt was non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code ("Section 523"), which excepts from discharge any debt "obtained by false pretenses, a false representation, or actual fraud." Plaintiff then filed a motion for summary judgment, asserting that the elements of fraud under New York law are the same as those under the nondischargeability statute and that the state court made a finding of fraud by the Debtor. Therefore, Sarasota argued, the state court decision should collaterally estop Debtor from excepting the Judgment Debt from discharge.

The Bankruptcy Court denied Plaintiff's motion, concluding that the state court order did not make a finding of actual fraud sufficient to meet the requirements of Section 523. Specifically, the Bankruptcy Court found that the state court had made no finding of fraudulent intent. (App'x 112). Rather, the state court's decision rested on New York Debtor Creditor Law Section 273 ("DCL 273"). (Id.) Under this statute, any conveyance that renders the transferor insolvent, or is made by

3

a person who is already insolvent, is considered to be a fraudulent conveyance if the transferor receives no consideration for the transfer. N.Y. DEBT. & CRED. LAW § 273. DCL 273 expressly does not require any evidence of intent, id.; without evidence of intent the fraud is constructive--not actual.

In contrast, Bankruptcy Code Section 523 only applies if there is actual fraud. Therefore, the Bankruptcy Court held that without further evidence of the required intent the Judgment Debt could not be excepted from discharge. (App'x 116.) Sarasota never provided any such evidence, and relied instead on the state court order and the pleadings, motions, and exhibits it submitted to the state court. (App'x 116-17.) After a trial, the Bankruptcy Court dismissed Sarasota's adversary proceeding, ruling that there was insufficient evidence to support a finding of actual fraud. (App'x 113.) This appeal followed.

## DISCUSSION

There are two issues on appeal: first, Sarasota challenges the Bankruptcy Court's interpretation of the state court order and the corresponding decision not to give it preclusive effect; second, Sarasota argues that the Bankruptcy Court erred in its own determination that the Judgment Debt should be excepted from discharge.

4

I. Standard of Review

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158. The Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and its legal conclusions de novo. FED. R. BANK. P. 8013; In re U.S. Lines, Inc., 318 F.3d 432, 435-36 (2d Cir. 2003). A court's "interpretation of the text of a court order or judgment is considered a conclusion of law subject to de novo review." U.S. v. Spallone, 399 F.3d 415, 423 (2d Cir. 2005).

II. Analysis

The Bankruptcy Court Order is affirmed in its entirety.

A. Collateral Estoppel

It is well-settled that collateral estoppel applies to a Section 523 discharge exception proceeding. Grogan v. Garner, 498 U.S. 279, 284, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006); In re DeTrano, 326 F.3d 319, 322 (2d Cir. 2003). In determining the preclusive effect of a state court judgment in a subsequent federal lawsuit, federal courts are guided by the full faith and credit statue,[2] which directs courts to refer to the preclusion law of the State in which judgment was rendered. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct.

---
[2] 28 U.S.C. § 173.

1327, 84 L. Ed. 2d 274 (1985); Evans, 469 F.3d at 281. Under New York law, collateral estoppel bars relitigation of an issue when (1) the "identical issue necessarily was decided in the prior action" and (2) the "party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Evans, 469 F.3d at 281. Collateral estoppel effect will "only be given to matters actually litigated and determined." Id. at 282 (quoting Kaufman v. Eli Lilly and Co., 65 N.Y.2d 449, 456, 482 N.E.2d 63 (1985)). If there is a reasonable doubt whether the earlier state proceeding determined a particular issue, that doubt should be resolved against using the state decision as an estoppel. In re Cohen, 92 B.R. 54, 70-71 (Bankr. S.D.N.Y. 1988).

In this case, although the state court determined that Debtor was liable to Plaintiff, the question remained whether the state court resolved the actual fraud issue. The Bankruptcy Court was required to determine "whether fraud was placed in issue and actually determined in state court, and whether the elements of fraud under New York law are identical to the elements of fraud under" Bankruptcy Code Section 523(a). Evans, 469 F.3d at 282. The elements of actual fraud in New York include a false representation of material fact, knowledge by the party who made the representation that it was false when made, justifiable reliance by plaintiff, and resulting injury.

6

Id. at 283 (citing Channel Master Corp. v. Aluminum Ltd. Sales, 4 N.Y.2d 403, 406-07, 176 N.Y.S.2d 259, 151 N.E.2d 833 (1958)). The Second Circuit has observed that the elements of a claim of actual fraud under Section 523 are similar to the elements under New York law: "The elements of actual fraud under [the] Bankruptcy Code incorporate the general common law of torts and likewise include a false representation, scienter, reliance, and harm." Id. at 283 (citing Rest. (Second) of Torts § 525 and Field v. Mans, 516 U.S. 59, 70 n.9, 116 S. Ct. 437, L. Ed. 2d 351 (1995)). The discharge exception under Section 523 requires conduct of "moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law . . . is insufficient." In re Gonzalez, 241 B.R. 67, 71 (S.D.N.Y. 1999). Accordingly, the Second Circuit has held that a finding by a New York State court of intentional fraud by a debtor is preclusive as to a claim of actual fraud under Section 523, provided that the issue was actually litigated and determined in the prior litigation. Evans, 469 F.3d at 282-283.

In this case, Plaintiff argues that the state court made a finding of intentional fraud. Plaintiff's brief quotes extensively from language in the state court order that Plaintiff maintains supports its argument: The order describes the action as seeking relief "on the ground that [Debtor], in order to aid her husband . . . defrauded his creditors,

7

including plaintiff," and that Plaintiff alleged "that [Debtor] should be held personally liable for the debts of [her husband] because she engaged in a concerted effort to defraud the creditors . . . by unlawfully diverting or permitting him to hide his income and his assets away from the reach of his creditors." The order held that "Debtor fails to raise a triable issue of fact regarding the allegedly fraudulent conveyance[s] . . . by her failure to produce evidence relative to the consideration for the conveyance[s]" to her by her husband. The state court also found that "[Debtor] allowed her husband to divert the corporate assets . . . and participated in the fraudulent scheme." (App. Br. 12-14).

The state court decision was not unambiguous judicial determination of intentional fraud under New York law. Although there is some ambiguity, the Court agrees with the Bankruptcy Court that the state court order is best read as finding that Debtor's participation in her husband's fraudulent scheme was constructive--not actual--fraud. The state court concluded that Debtor's husband "transferred the [assets] without fair consideration, thereby making him insolvent to his creditors." Moreover, the state court summarized its holdings as follows: "the plaintiff established its prima facie entitlement to summary judgment by demonstrating that the subject propert[ies] . . . were transferred without fair consideration." (App'x 16.)

8

These statements suggest that the state court thought Debtor violated DCL § 273, which deems property transfers made without consideration as fraudulent even without any showing of actual intent to defraud. (App'x 14)

Plaintiff's brief highlights portions of the state court decision that admittedly create some ambiguity in the state court's rationale. However, collateral estoppel under New York law requires clarity; to be precluded an issue must have been "necessarily decided," In re Halperin, 215 B.R. 321, 335 (Bankr. E.D.N.Y. 1997) (internal quotations omitted), and actually determined, Evans, 469 F.3d, at 282. Because doubts about what was actually decided in the earlier proceeding should generally be resolved against giving a decision preclusion effect, Cohen, 92 B.R. at 70-71, the Court agrees with the Bankruptcy Court that the state court decision should not have estopped Debtor from having the Judgment Debt discharged.

Sarasota argues that DCL 273 could not have been the basis of the state court order for two reasons. First, it argues that it did not raise DCL 273 in its complaint. Second, it maintains that DCL 273 deals with conveyances and, in this case, Debtor made no conveyances at all. (App. Br. 15.) The fact that Plaintiff did not cite DCL 273 in its state court complaint does not necessarily mean that it could not have been the basis of the state court's decision, and it does not change

9

the language in the state court order that appears to rely heavily on that statute. With respect to conveyances, DCL 273 can be the basis for personal liability against a transferee, not just a transferor. See, e.g., Cadle Co. v. Newhouse, 74 Fed. App'x 152, 153 (2d Cir. 2003) (recognizing liability of a transferee of a constructively fraudulent conveyance) (quoting RTC Mortg. Trust 1995-S/N1 v. Sopher, 171 F. Supp. 2d 192 (S.D.N.Y. 2001)).

B. Section 523(a)(2)(A)

Having determined that the Bankruptcy Court correctly refused to give the state court decision preclusion effect, the Court turns now to the Bankruptcy Court's own determination that Plaintiff failed to show that the Judgment Debt should be excepted from discharge. As discussed already, Plaintiff relied on the evidence it submitted in support of its state court summary judgment motion but did not develop new evidence at the evidentiary hearing before the Bankruptcy Court.

To sustain a prima facie case under Section 523, a creditor must establish that (1) the debtor made a false representation,[3] (2) that the debtor knew was false, (3) the

---

[3] The bankruptcy court requested the parties brief the question of whether or not the requirement of a misrepresentation can be met where the debtor made no misrepresentations directly to the plaintiff/creditor. Plaintiff's brief claims that Debtor did make direct misrepresentations to Sarasota, and that this question was unnecessary. Because this Court, like the

10

debtor made the representation with the intent to deceive the creditor, and (4) the creditor justifiably relied on, and was damaged by, the false representation. In re Gonzalez, 241 B.R. 67, 71-72 (Bankr. S.D.N.Y. 1999); In re Owens, 2005 WL 387258, at *1-2 (Bankr. S.D.N.Y. Feb. 17, 2005). The creditor bears the burden of proving these elements by a preponderance of the evidence. Grogan, 498 U.S. at 286.

The Bankruptcy Court found that the evidence at the evidentiary hearing, which included the evidence that Plaintiff relied on in support of its state court summary judgment motion and Debtor's testimony, was insufficient to establish that Debtor "acted to deceive or defraud" Plaintiff (App'x 124), and Plaintiff does not make a serious effort to challenge the Bankruptcy Court's own interpretation of the evidence (including Debtor's credibility, which Plaintiff did not attack (App'x 113, 124)). Rather, Plaintiff argues that the state court's factual findings lead to the "inescapable" conclusion that Debtor intentionally defrauded Plaintiff. (App. Br. 16.) Plaintiff relies on In re Robert Freidlander, 170 B.R. 472, 478 (Bank. D. Mass. 1994). There, in a nondischargeability action, the Bankruptcy Court applied collateral estoppel even though the state court order failed to indicate whether or not there was a

---

bankruptcy court before it, finds that this appeal can be decided on the issue of intent, it need not reach this issue.

11

finding of intent to deceive. In that case, the state court had found that the debtor misrepresented its intention to perform under the contract, and the bankruptcy judge concluded that a misrepresentation of that nature could not have been made without intent to deceive. Here, however, Debtor's conduct does not necessarily incorporate intent to deceive, and Debtor testified that she did not have such intent. Even where circumstances support an inference of fraudulent intent, that "inference will be negated where the debtor comes forward with some evidence that [s]he did not intend to deceive the plaintiff." <u>Kuper v. Spar (In re Spar)</u>, 176 B.R. 321, 328 (Bankr. S.D.N.Y. 1994). Debtor offered such evidence by testifying that she never intended to deceive anyone (Hrg. Tr. 22); was required by Dunkin' Donuts to hold the shares of her husband's franchises (<u>id.</u> 39); and believed the transfer of the marital home was a gift from her husband (App'x 47). Plaintiff presented no evidence contradicting this testimony and did not challenge Debtor's credibility, and the Bankruptcy Court did not err in finding that Plaintiff did not meet its burden of showing that the Judgment Debt should be excepted from discharge.

CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision is AFFIRMED in its entirety and Plaintiff's appeal is

dismissed.  The Clerk of the Court is respectfully directed to mail Debtor a copy of this Order and to mark this appeal closed.

SO ORDERED.

/s/ Joanna Seybert_____
Joanna Seybert, U.S.D.J.

Dated: January 23, 2012
       Central Islip, New York